IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAMUEL JEDEDIAH BURLESON, et al., § § | | |
| PLAINTIFFS, § § | | |
| V. § | CIVIL NO. A-20-CV-1086-RP | |
| § | | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., § § | | |
| DEFENDANTS. § | | |

## ORDER OF DISMISSAL

Before the Court is a civil-rights complaint filed by Samuel Jedediah Burleson and twenty-one other parolees, currently confined in the Goodman Unit, Intermediate Sanctions Facility (ISF), as a condition of their release. Burleson requests leave to proceed *in forma pauperis*. The other plaintiffs did not seek leave or pay the $400 filing fee for this case. After consideration of Burleson's request to proceed *in forma pauperis*, it is denied and this case is dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA), a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal

even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule. The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id.* § 1915(h). Burleson and the other plaintiffs are "prisoners" for purposes of the PLRA. *See Jackson v. Johnson*, 475 F3d 261 (5th Cir. 2007) (holding PLRA applied to parolee confined in halfway house).

While incarcerated, Burleson has filed at least three civil actions or appeals that have been dismissed as frivolous, for failure to state a claim or as malicious. *See Burleson v. Pegoda*, No. 4:17-CV-1280 (S.D. Tex.) (dismissed for failure to state a claim upon which relief could be granted) (appeal dismissed as frivolous in No. 17-20394 (5th Cir. June 7, 2018)); *Burleson v. TDCJ-Estelle Unit*, No. 4:17-CV-1377 (S.D. Tex. May 5, 2017) (dismissed as barred by *Heck* and failure to state a claim); *Burleson v. TDCJ-Estelle Unit*, No. 4:16-CV-1906 (S.D. Tex. Aug. 8, 2016) (dismissed as barred by *Heck* and failure to state a claim); *Burleson v. TDCJ-Estelle Unit*, No. 4:16-CV-1906 (S.D. Tex. Aug. 8, 2016) (dismissed as malicious). Therefore, Burleson may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Burleson's complaint does not meet that standard.

In addition, the Fifth Circuit Court of Appeals imposed monetary sanctions against Burleson. *See In re: Burleson*, No. 17-50882 (5th Cir. Jan. 17, 2018). Specifically, the Fifth Circuit sanctioned Burleson in the amount of $100.00 and barred him from filing any pleadings that challenged his convictions unless he first obtains leave of court. The appellate docket sheet does not reflect the payment of this monetary sanction.

The complaint crafted by Burleson is yet another example of his frivolous litigation. Most of the defendants he sues are protected by Eleventh Amendment or sovereign immunity. *See Talib v. Gulley*, 138 F.3d 211, 213 (5th Cir. 1998) (claims against TDCJ are barred by Eleventh Amendment); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (United States, as a sovereign, is immune unless it consents to be sued). The only defendants not protected by immunity are the counties. Burleson specifically lists Williamson, Tarrant, and Dallas Counties, all counties in which he admittedly has filed multiple lawsuits or was convicted. His chief complaint against the counties is that the courts have ignored his lawsuits or not granted him relief, but he has not alleged a particular constitutional violation. Burleson generously adds as defendants all other counties, sheriff's departments, jails and institutions in the State of Texas perhaps for the benefit of his co-plaintiffs. However, sheriff's departments and jails are not legal entities capable of being sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding police and sheriff's departments are governmental subdivisions without capacity for independent legal action). And, Burleson wrongly argues exhaustion of his administrative remedies is not required. *Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020) (holding exhaustion of administrative remedies is mandatory).

Because none of the other plaintiffs requested leave to proceed *in forma pauperis* or paid the $400 filing, their claims are dismissed without prejudice. Should these plaintiffs wish to pursue their claims, they may each file their own lawsuit. However, each plaintiff will be required to comply with the filing fee provisions of the PLRA. Accordingly, each plaintiff will either need to pay the $400 filing fee or file a request to proceed *in forma pauperis*. If granted leave to proceed *in forma pauperis*, a $350 filing fee will be deducted in installments from their inmate trust fund accounts.

Plaintiffs are warned, if they file more than three actions or appeals while they are prisoners which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, they will be prohibited from bringing any other actions *in forma pauperis* unless they are in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiffs are also warned that filing or pursuing frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiffs from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is therefore **ORDERED** that Plaintiff Burleson is **DENIED** leave to proceed *in forma pauperis*. Because Plaintiff Burleson is the only plaintiff who filed a request for leave to proceed *in forma pauperis*, the complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). Burleson's complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within 30 days of the date of this Order and Burleson pays his outstanding sanction at the Fifth Circuit Court of Appeals. If the other

plaintiffs wish to pursue their claims, they may file their own civil rights complaint and shall comply with the filing fee provisions of the PLRA.

**SIGNED** on November 3, 2020.

                                              ROBERT PITMAN
                                              UNITED STATES DISTRICT JUDGE